# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

COAST TO COAST SUPPLY
SOLUTIONS, LLC, d/b/a PALM PAPER
SUPPLY,

      Plaintiff,

v.                                      Case No.: 8:20-cv-606-T-60AEP

BANK OF AMERICA, CORPORATION, a
Foreign Profit Corporation,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT

This matter is before the Court on "Defendant's Motion to Dismiss Complaint

and Demand for Jury Trial," filed by Bank of America, N.A. ("BOA"), on April 6,

2020.  (Doc. 9).  On April 20, 2020, Plaintiff Coast to Coast Supply Solutions, LLC

d/b/a Palm Paper Supply ("Palm") filed "Plaintiff's Response in Opposition to

Defendant's Motion to Dismiss."  (Doc. 11).  After reviewing the motion, response,

court file, and the record, the Court finds as follows:

## Background[1]

Palm, a wholesale distributor of office supplies in the Tampa Bay area,

regularly conducted business with a supplier known as Essendant.  Someone

---

[1] The Court accepts as true the facts alleged in the amended complaint for purposes of ruling on the pending motion.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, the Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

pretending to be an Essendant employee sent a series of bogus invoices to Palm in June 2019.  In July 2019, at Palm's direction, BOA paid a total of $100,6060.02, in three separate wire transfers, toward these fraudulent invoices.  Although not specifically alleged in the complaint, it appears that BOA had no knowledge or involvement whatsoever in the fraud; it simply executed directions to complete wire transfers it received from Palm in the ordinary course of business.

During this time frame, Palm had subscribed to an "account activity alert system" with BOA that sent text messages to Palm's co-owner, Martin Wolstencroft whenever a check in excess of $40,000 was presented to BOA.  Funds were not released by BOA unless Wolstencroft responded affirmatively to BOA's text.  No such texts were received by Wolstencroft when the fraudulent activity discussed above occurred.  Furthermore, Palm alleges that BOA was contractually required to send email confirmations of wire transfers and failed to do so.

Palm reported the fraud to BOA soon after it was discovered.  Unfortunately, the funds distributed to the fraudster were not recovered.  The complaint does not indicate whether the identity of the fraudster has been determined or whether that person has been criminally prosecuted.

On February 10, 2020 Palm filed a five count Complaint against BOA in Florida's Sixth Judicial Circuit, and the case was removed to this Court shortly thereafter.  Count I alleges a claim for breach of contract; Count II for breach of implied contract; Count III for negligence; Count IV for violation of § 670.202(2), *F.S.*; and Count V for violation of § 670.202(3), *F.S.*  BOA filed the instant motion

arguing that none of these counts states a claim, and the entire complaint should be dismissed.

## Legal Standard and Analysis

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. 2009) (Lazzara, J.).

### *Count I – Breach of Contract*

BOA argues that complaint fails to state a claim for breach of contract "since there are no facts alleging that this was a material breach" or "there was any relationship between the alleged breach and the damages." (Doc. 9 at 3).  This point does not merit dismissal.  Count I, as currently pled, clearly states a claim for breach of contract.  It includes all the required elements, and a copy of the contract is attached.  BOA's argument on this point is one that may have merit if asserted in a summary judgment motion, but it is not a basis for a motion to dismiss.  *See Mosaic Fertilizer,* 2009 WL 10671157, at * 2.

### *Count II -- Breach of Implied Contract*

BOA argues that Palm cannot state a claim for breach of an implied contract, an equitable claim, where a valid contract exists between the parties.  It also argues that this count fails to state a claim because BOA was "merely the means that Plaintiff used to send the funds to someone else." (Doc. 9 at 5-6).  This argument is not a basis for dismissal.   Federal Rule of Civil Procedure 8(d) "allows pleading in the alternative, even if the theories are inconsistent." *Abels v. J.P. Morgan Chase Bank, N.A.*, 678 F. Supp. 2d 1273, 1279 (S.D. Fla. 2009).

### *Count III -- Negligence*

BOA argues that the independent tort doctrine precludes a negligence claim in the first instance where, as here, the parties' relationship is governed by a written contract.  It further argues that the negligence claim lacks sufficient detail. (Doc. 9 at 6).  Neither argument is sufficient to merit dismissal.  As previously

noted, the Federal Rules of Civil Procedure allow pleading in the alternative, even where the theories of recovery are inconsistent.  Therefore, it is permissible to have a breach of contract count and a negligence count in the same complaint without running astray of the independent tort doctrine.  In addition, general negligence claims are not required to be pled with particularity.  *See Gen. Elec. Cap. Corp. v. Posey*, 415 F.3d 391, 396-97 (5th Cir. 2005).

### *Count IV – Violation of § 670.202(2), F.S.*

BOA contends that a violation of § 670.202(2), *F.S.*, is not stated even if the facts alleged in the complaint are accepted as true. (Doc. 9 at 7).

Section 670.202(2), *F.S.*, provides as follows:

> If a bank and its customer have agreed that the <u>authenticity of payment orders</u> issued to the bank in the name of the customer as sender will be verified pursuant to a <u>security procedure</u>, a payment order received by the receiving bank is effective as the order of the customer, whether or not authorized, <u>if the security procedure is a commercially reasonable</u> method of providing security against unauthorized payment orders and the bank proves that it accepted the payment order in good faith and in compliance with the security procedure and any written agreement or instruction of the customer restricting acceptance of payment orders issued in the name of the customer. The bank is not required to follow an instruction that violates a written agreement with the customer or notice of which is not received at a time and in a manner affording the bank a reasonable opportunity to act on it before the payment order is accepted.

(emphasis added)

BOA argues there is no way this statutory provision could have been violated here because it applies only to "security procedures" related to the "authenticity of payment orders," and Palm has not questioned the authenticity of its own payment orders to BOA.

Palm responds to this argument by pointing out that the definition of "security procedure" in § 670.201, *F.S.* covers matters beyond just the authenticity of payment orders.  Section 670.201, *F.S.* provides as follows:

> Security procedure.—"Security procedure" means a procedure established by agreement of a customer and a receiving bank for the purpose of:
>
> (1)   Verifying that a payment order or communication amending or canceling a payment order is that of the customer; or
>
> (2)   Detecting error in the transmission or the content of the payment order or communication.

Thus, Palm argues that pursuant to 670.201(2), *F.S.,* it is entitled to base its claim on BOA's alleged failure to "[d]etect[  ] error in the transmission or the content of the payment order or communication."  Palm also argues that the security procedures in place were not "commercially reasonable." (Doc. 9 at 10).

For purposes of a motion to dismiss, Palm has stated a claim.  While the Court could, arguably, determine the applicability of the statutes in question at this juncture – and dismiss this count if it agreed with BOA's argument – it declines to do so for three reasons.  First, the legal issue has not been fully briefed by the parties.  The statutes involved here derive from the Uniform Commercial Code, Article 4A (funds transfers) and there are likely various sources and authorities that could clarify the issues presented here, none of which have been discussed by the parties.  Second, the facts associated with this claim are not yet fully developed, and it is possible that additional facts relevant to the legal issue may be identified.

Third, even if the Court were to decide this issue now, possibly in BOA's favor, the case would still remain pending as to three other counts.

***Count V – Violation of § 670.202(3), F.S.***

BOA argues that Count V fails to state a claim for violation of § 670.202(3), *F.S.* for the same reasons it argues the complaint fails to state a claim in Count IV – even if the facts alleged in the complaint are accepted as true, the statute does not apply.  BOA further argues that Count V "fails to offer any factual support for vague and conclusory allegations." (Doc. 9 at 8).  For the reasons discussed previously in connection with the prior count, Palm has stated a claim, and the Court declines to dismiss this count at this time.

For the reasons explained above, it is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss Complaint and Demand for Jury Trial" (Doc. 9) is hereby **DENIED**.

2. Defendant is directed to file an answer on or before May 29, 2020.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>14th</u> day of May, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**